No. 498

COTTON v. YOUNGSTOWN STEEL CAR CO.

Ohio Appeals, Seventh District, Mahoning County
Decided March 8, 1923

This opinion has not been published except in Abstract

ACCOUNTING—(1) Finding of referee supported by sufficient evidence—(2) Time that contract for bonus became operative—(3) Right to deduct income tax from profits as element of expense.

ROBERTS, J.

Epitomized Opinion

This was an action for an accounting filed by one Cotton in the Common Pleas Court of Youngstown, Ohio, against the Youngstown Steel Car Co. The plaintiff claimed that he enterel the employ of the defendant as chief engineer on Feb. 15, 1916, and that during November of that year he entered into an oral agreement with the defendant whereby he was to receive, as part of his compensation, a bonus of $25 per month on each $5,000 profit after $15,000 had been deducted from the total expenses on all business but without any deduction for improvements, depreciations, or other contingencies. Plaintiff claimed that there was a large sum due him under this arrangement, which continued from November, 1916, to January, 1918, the exact amount of which he was unable to ascertain, as he did not have access to the company's books. The defendant claimed that under the agreement it was to pay the plaintiff $25 per month from November 1, 1916, on each $5,000 net profits of the business after making the usual and customary deductions from the gross profits of the business, for maintenance, depreciation, operation, factory and general expense, and after making a deduction of 15 per cent profit to stockholders on all outstanding capital stock. The defendant claimed that under this agreement it only owed the plaintiff $650 00. The case was referred to a referee who found there was due the plaintiff the sum of $945.00. The defendant filed exceptions to this report. Later it appealed the case to the Court of Appeals. Held:

1. That the findings of the referee were correct as to the terms of the contract, said findings being in favor of the plaintiff.

2. That under the terms of the contract the plaintiff was entitled to a bonus from the 1st of October, 1916, rather than the 1st of November of that year.

3. That under the terms of the agreement, the defendant was entited to deduct from its profits the sum paid for income tax during the year 1917, as the bonus as based on the net profits after all the expenses had been deducted.

Findings of referee modified.

―――――――――

No. 499

W. & L. E. R. CO. v. KILMBACH, Admr.

Ohio Appeals, 6th Dist., Lucas County
No. 1303.   Decided May 21, 1923

This opinion has not been published except in Abstract.

DAMAGES—Movement of car while repairmen in a dangerous position—(1) Charge to jury as a whole not prejudicial to railroad—(2) Verdict of $20,000 reduced to $15,000.

KINKADE, J.:

Epitomized Opinion

Plaintiff brought an action to recover damages resulting from the wrongful death of Fred Kalmbach. Kalmbach was a car repairer in the employ of the Railroad Co. and was crushed between two cars which were shoved together by a switch engine when engaged in the operation of picking up and taking from a storage track to the general repair yard and repair shop a number of bad order cars which were stored temporarily on a storage track. The temporary storage track was about a mile or more from the general repair shop. The deceased had gone with the switching crew to these yards, and had proceeded along the track to a line of cars and was working with the couplings when the accident occurred. The switch crew had coupled on to one cut of cars and pushed them against the cut in which the deceased was working. The plaintiff introduced evidence showing a custom which required a switch crew to keep a vigilant look-out for the safety of the repair men and not to move the cars when the repair men were in a dangerous position in the performance of their duties. The Company claimed that the custom was that a repair man was always to give notice to the conductor before going into a dangerous position. The trial resulted in a verdict for the plaintiff in the sum of $20,000. The Railroad Co. prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Although the court's charge was erroneous in certain minor respects, the charge as a whole was not prejudicial to the Railroad Company.

2. As the verdict was excessive, the amount of the same was reduced to $15,000.

Attorneys—Charles A. Seiders, for Wheeling & Lake Erie Railway Co.; Marshall & Fraser, for Kalmbach.

―――――――――

No. 500

CORA E. McCRORY v. EARL McCRORY

Ohio Appeals, 6th District, Wood County
No. 796.   Decided June 11, 1923

WILLS—Interpretation of—Mathematical problem only—Finding.

RICHARDS, J.

Epitomized Opinion

By the provision of his will, McCrory, deceased, desired to have the residue of his estate divided among his four children and one grandchild, but not equally; children Earl and Ollie were to receive $1,000 more than the granddaughter Violet, and that said Earl and Ollie were to receive $2,000 more than his children, Frances and Martha. This action was brought for the purpose of obtaining coonstruction of this item of the will, there being $16,565.90 to be distributed, as shown by the final account of the executor. It came into the Court of Appeals by appeal from the Common Pleas.

The Court of Appeals held, that from an examination of the will and from the situation of the testator at the time of its execution, that this item bequeaths to Earl and Ollie each $1,000 more than Violet shall receive, and that they shall each receive $2,000 more than either Francis or Martha shall receive. So interpreted the problem becomes entirely one of mathematics. Applying its principles that the distribution should be as follows:

Martha and Francis, each_____$2,313.18
Violet _____ 3,313.18
Earl and Ollie, each_____ 4,313.18

Decree ordered accordingly.

Attorneys—Benj. F. James, for plaintiff; S. B. Bowman, contra.